[Cite as *Verhoogen v. United Parcel Serv., Inc.*, 2013-Ohio-2306.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ALEX R. VERHOOGEN | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| UNITED PARCEL SERVICE, INC. | : | Case No. 12CA104 |
| AND UPS STORE 3832 | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Mansfield Municipal
Court, Case No. 10-CVE-1664

JUDGMENT:      Reversed

DATE OF JUDGMENT:      June 4, 2013

APPEARANCES:

For Plaintiff-Appellee

ALEX R. VERHOOGEN, PRO SE
585 Austin Road
Mansfield, OH 44903

For Defendant-Appellant The UPS
Store 3832

CORNELIUS J. O'SULLIVAN,JR.
6480 Rockside Woods Blvd., South
Suite 145
Independence, OH 44131

For United Parcel Service, Inc.

ROGER P. SUGARMAN
KATHERINE CONNOR FERGUSON
Capitol Square, Suite 1800
65 East State Street
Columbus, OH 43215

*Farmer, J.*

{¶1}   On August 28, 2008, appellee, Alex Verhoogen, caused a parcel containing a stove top to be shipped from appellant, The UPS Store 3832, in Spokane, Washington, to Mansfield, Ohio.   United Parcel Service, Inc. (hereinafter "UPS") shipped the parcel.  The stove top arrived damaged.

{¶2}   On June 25, 2010, appellee filed a complaint for damages against appellant and UPS in the Mansfield Municipal Court.  On March 29, 2011, appellant filed a motion for summary judgment, claiming it was not liable for damages based on the language in the parcel shipping order.  By judgment entry filed May 2, 2011, the trial court denied the motion.

{¶3}   A bench trial commenced on April 24, 2012.   By judgment entry filed August 3, 2012, the trial court found in favor of appellee as against appellant and UPS in the amount of $4,183.54.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "VERHOOGEN DID NOT NAME THE PROPER PARTY DEFENDANT IN THIS ACTION."

II

{¶6}   "THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION FOR SUMMARY JUDGMENT OF UPS STORE 3832."

III

{¶7}   "THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II

{¶8}   Appellant claims the trial court erred in denying its motion for summary judgment based on the language of the parcel shipping order and the fact that appellee did not request insurance on the package.  We disagree.

{¶9}   Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

> Civ.R. 56(C)   provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

{¶11} Appellant relies on the following language of the parcel shipping order (Plaintiff's Exhibit 2):

3. We do not transport Your parcels. We assume no liability for the delivery of the parcels accepted for shipment or for loss or damage by any cause to the parcels or their contents while in transit. You agree that carrier's liability for loss or damaged parcels is limited by the provisions in this PSO. You agree to all terms and conditions on this PSO whether or not declared value is purchased.***

10. Declared Value Terms & Conditions. Declared value coverage will be available only if You have complied with all Declared Value Terms & Conditions. For an additional fee We will obtain declared value coverage for Your shipment through the carrier designated on this PSO. We surcharge the cost of this product. You expressly acknowledge that the value of each parcel does not exceed the amount You listed below as Declared Value and stated on the transaction receipt. If no amount is specified, You agree that the value of the parcel(s) shall not exceed $100. If You refuse additional declared value coverage for items of greater value than $100, You will be limited to a maximum declared value coverage of

$100. Each declared value provider designates monetary limits coverage. The declared value terms and conditions of the various carriers are located in the carrier service guide for coverage provided by the carriers and are also available at this location upon request. Consult the applicable Declared Value Terms & Conditions and terms of coverage for further information.

{¶12} Appellant argues appellee filled the form out himself and did not request or purchase declared value coverage.

{¶13} In response to the motion for summary judgment, appellee argued although he placed the declared value of the parcel ($950.00) on the form, he did not pay for insurance because "no specific amount, apart and distinct from the overall shipping cost, was presented as the cost of the insurance" and he "was not given the opportunity to pay for insurance as a selection apart and distinct from the overall charges for shipment."

{¶14} Appellee appeared pro se and made these averments in his responsive brief filed April 11, 2011. Although they do not comply with the letter of Civ.R. 56 as being of evidentiary quality [*Cogswell v. Cardio Clinic of Stark County, Inc.,* 5th Dist. No. CA-8553, 1993 WL 308452 (October 21, 1991)], with appellee's pro se signature in the pleading, we find they do rise to a minimal level of presenting a genuine issue of material fact.

{¶15} Assignment of Error II is denied.

I

{¶16}  Appellant claims it was not the proper party and is a legal fiction.

{¶17}  In its July 30, 2011 answer to the complaint, appellant listed as its first affirmative defense: "This answering Defendant states, in the alternative, that it has not been properly identified in plaintiff's Complaint."

{¶18}  Appellant argues "The UPS Store 3832" is a name given to it by UPS to identify it as a franchisee.   Defendant's Exhibit 6 is a franchise agreement and establishes the franchisor is "Mail Boxes Etc., Inc. ('MBE')" and the franchisee is "XFD Inc."  As indicated in the franchise agreement at EX D-3, paragraph number 4, MBE's brands include "Mail Boxes Etc." and "The UPS Store."  Therefore, MBE's franchisees hold themselves out as either Mail Boxes Etc. or The UPS Store.

{¶19}  Appellant argues with the first affirmative defense, appellee was put on notice that further discovery on the issue was required.  Appellant's own statements in its motion for summary judgment filed March 29, 2011 contradict this argument and were misleading: "Defendant The UPS Store 3832 ("UPS Store") owns and operates a UPS Store in Spokane, Washington.  On or about August 28, 2008, the Plaintiff brought a parcel to our store for shipment to Mansfield, Ohio."  Further, to all customers, the parcel shipping order explicitly implies "The UPS Store 3832" is a legal entity.

{¶20}  However, the franchise agreement was admitted into evidence and specifically delineates that the full legal name of the franchisee is "XFD, Inc." and the location of franchisee's "The UPS Store® Center" is Spokane, Washington.  T. at 153. "The UPS Store Center No." is identified as "3832."  Appellant argued to the trial court that appellee sued the wrong party.  T. at 169-171.  At this point in the proceedings, the

proper avenue would have been to amend the pleadings to conform to the evidence. Civ.R. 15(B). This was not done, and appellee is left with a hollow victory. Although there is a judgment, there is no one to levy against to fulfill the judgment.

{¶21} Appellee attempts to bridge this gap by arguing "The UPS Store 3832" is an agent of UPS, Inc. The franchise agreement and EX K to the agreement [Contract Carrier Agreement between United Parcel Service, Inc. ("UPS") and XFD, Inc.] contradict this argument as the contract carrier agreement states at paragraph 4: "All services provided by UPS pursuant to this Agreement are provided to you, and not to your customer. You understand and agree that you will be considered the shipper for all shipments of packages tendered to you by your customers."

{¶22} This results in an unfortunate, though legal result. It is undisputed that appellee requested insurance to $950.00 which he did not receive as a result of the inactions of appellant's employee. T. at 20. A minimal sum of $.90 per $100.00 would have been charged and the parcel would have been fully insured. T. at 23.

{¶23} Because this matter was a regular docketed case and not a small claims case, this error might have been resolved [Evid.R. 101(C)(8)][1]

{¶24} Assignment of Error I is granted

{¶25} Based upon our decision in Assignment of Error I, Assignment of Error III is moot.

---

[1]Appellee won many battles, but lost the war.

{¶26} The judgment of the Mansfield Municipal Court of Richland County, Ohio is hereby reversed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

SGF/sg 508